Jacob L. Cohn, Defendant in Error, v. Morris F. Kraus, Plaintiff in Error.

Gen. No. 33,529.

Opinion filed January 2, 1930.

W. F. McLaughlin, for plaintiff in error.

Joseph J. Karlin, for defendant in error.

Mr. Justice Ryner delivered the opinion of the court.

On September 17, 1928, the plaintiff recovered a judgment by confession in the municipal court of Chicago against the defendant for the sum of $3,700, being the amount alleged to be due upon a promissory note. Attached to the statement of claim and cognovit was a copy of the note. From the copy it appeared that the original note was in the principal sum of $2,500, dated September 3, 1921, made payable to the Lake State Bank, and signed by Morris F. Kraus as maker. It contained a provision, in the usual form, for confession of judgment, and an indorsement on the bank, whereby the plaintiff guaranteed payment of the note at maturity.

The defendant made a motion to vacate the judgment and in support of the motion filed an affidavit. The motion was denied, and the sole question presented, by this

writ of error, is whether the trial court committed reversible error in so doing.

The affidavit, filed in support of the motion to vacate, sets out in substance that the note was not paid at maturity; that E. Ridgeway, the holder of the note, brought suit upon it, in the municipal court of Chicago, against the plaintiff and the defendant; that, after successive affidavits of merits were stricken from the files, a judgment was entered, on January 9, 1923, against Jacob L. Cohn, defendant in that cause and plaintiff here, for the sum of $2,559 and that, after issuance of execution and demand made by the bailiff of the municipal court, Cohn paid the judgment and caused it to be satisfied, as evidenced by a satisfaction piece filed in the office of the clerk of the court, on January 29, 1923. It is further stated in the affidavit as legal conclusions, that in the suit instituted by Ridgeway it was adjudicated that he was the legal owner and holder of the original note, and that the note became merged in the judgment against Cohn.

Other grounds for setting aside the judgment are stated in the affidavit but we deem the issue for our consideration to be limited by the statement in the brief of counsel for the plaintiff in error that, ''The entire question in this case is as to whether Cohn, who was served in the preceding action on the note, having paid the judgment, and then having permitted the judgment to be satisfied, may come in at a later date by claiming to be the owner of the note, and confess judgment on the same against the maker, who was also a party in the preceding suit, though not served with summons.'' All of the points stated in his brief as grounds for the reversal of the judgment of the trial court are in support of this one contention.

It is conceded that the defendant, Morris F. Kraus, was not served with process and did not enter his appearance in the suit instituted by Ridgeway against him and the plaintiff, Cohn, wherein judgment was taken against Cohn.

The affidavit of the defendant admits his execution of the note and the transfer of it to Ridgeway for value and before maturity. It is not denied that the defendant failed to pay the note at maturity or at any other time and no question is raised as to the good faith of the plaintiff in defending the suit instituted by Ridgeway. It is not dênied that the plaintiff is out of pocket for the exact amount paid to satisfy the judgment in that case.

The bill of exceptions recites that the trial court, upon the hearing of the motion to vacate the judgment, examined the pleadings and orders in the Ridgeway suit. The statement of claim described the note, alleged that the defendant Kraus was the maker and that its payment at maturity was guaranteed by Cohn. The judgment against the latter is not set out. The satisfaction piece is in the usual form and does not state the substance or nature of the judgment against Cohn, the guarantor.

The record indicating nothing to the contrary, we assume that Ridgeway proceeded to enforce his legal right against Cohn upon the latter's independent undertaking as guarantor. As against Cohn he had no right to take judgment upon the note. That being so, there was nothing to prevent Cohn from acquiring ownership of the note and enforcing its collection against Kraus, the maker.

A similar situation arose in the case of *Pierce v. Jacobs,* 157 Ill. App. 441. There the note was presented as a claim against the estate of the deceased guarantor and was paid. It was held that the executors of the guarantor's estate had the right to take up the note and recover it against its makers. The court said:

"1. When this case was first before us in 132 Ill. App. 547, we held that Pierce's executors, having taken up the note, had a right to erase the indorsement and maintain an action upon it against these appellants, and cited authorities therefor, including *Campbell v.*

*Humphries,* 2 Scam. 478, where it was held that 'if the payee or any assignor has been under the necessity of taking up the note his right of action revives.' In 15 Am. & Eng. Encyc. of Law, 1st Ed. 342, the same rule is thus stated: 'While a judgment recovered upon a promissory note, or bill of exchange is a merger of the cause of action as between the parties to the suit, the note or bill is not so merged as to prevent the indorsers from paying the judgment, receiving the note and maintaining an action on it against the maker.' In 1 Freeman on Judgments, 4th Ed., sections 227 and 227a, the same doctrine is stated, and it is shown that in such a case the note is not merged in the judgment against an indorser, but the judgment and its payment have no other effect as to the maker than does payment by the indorser without the judgment, and the indorser upon taking up the note may maintain an action thereon. In this case the liability of Pierce to the bank was not upon the note itself, but upon his contract of indorsement and guaranty written upon the back of the note. While the claim filed and introduced in evidence appears to have the original note attached thereto, there is proof it was the copy that was filed and not the original, and that when the executors paid the claim they obtained the note at the bank. But whether the note itself was filed in the probate court or not, we are of opinion that its allowance and payment had no other effect as between the makers and the payee and his estate than would the payment of the note by the executors have without its allowance. So far as the makers are concerned, the simple fact is that the executors of the payee paid the indorsee the amount of the note and took it up and then had a right of action against the makers.''

The judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

WILSON, P. J., and HOLDOM, J., concur.